JENNIE DEE CLARKE

*v.*

THE SUPREME LODGE KNIGHTS OF PYTHIAS.

*Opinion filed April 18, 1901.*

APPEALS AND ERRORS—*Appellate Court must remand for new trial if reversal is for error of law.* A reversal by the Appellate Court for error in an instruction is a reversal for error of law, which may be corrected upon another trial, and hence the Appellate Court should remand the case for new trial, and has no power to remand the cause with directions to the trial court to enter final judgment for the plaintiff for a specified amount.

*Supreme Lodge K. of P.* v. *Clarke,* 88 Ill. App. 600, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of White county; the Hon. P. A. PEARCE, Judge, presiding.

T. G. PARKER, and C. S. CONGER, for appellant.

WILLIAM S. FORREST, and BENSON LANDON, for appellee.

Per CURIAM: This was an action at law by appellant, as beneficiary in a mortuary benefit certificate issued by the appellee lodge on the life of Frank E. Clarke, husband of the appellant. Judgment was entered in favor of appellant in the trial court in the sum of $2000, but on appeal to the Appellate Court for the Fourth District judgment was entered in said Appellate Court reversing the judgment of the circuit court and remanding the cause, with directions to the circuit court to enter judgment in favor of appellant in the sum of $417.64, being the amount of dues and assessments paid by the assured on said certificate.

The judgment of the Appellate Court contains the following recital: "The court finds that Frank E. Clarke complied with the terms of the certificate of insurance as to the payment of assessments thereon, and came to his death by self-destruction on December 27, 1896, and that the amount due and owing appellee by appellant was, at the time of trial in the circuit court, the sum of $417.64; and are of opinion that in the record and proceedings aforesaid and in the rendition of the judgment aforesaid there is manifest error, in this: the court erred in giving the second instruction for the plaintiff in the court below; therefore it is considered by the court, that for that error and others in the record and proceedings aforesaid, the judgment of the circuit court in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed, and that the motions heretofore

made to reverse the judgment and remand the cause for
a new trial be and the same are allowed, and the motions
heretofore made to affirm the judgment and for *procedendo*
be denied, and that this cause be remanded to the circuit
court of White county, with directions to enter judgment
for the plaintiff in the sum of $417.64, with interest at
five per cent per annum from the date of the verdict, and
costs, and for such other and further proceedings as to
law and justice shall appertain."

The error for which the judgment of the trial court
was reversed was an error in law, viz., granting an in-
struction which, in the view of the Appellate Court,
did not correctly declare the law applicable to the case.
The error was of a nature to be corrected upon another
hearing, and, as we have frequently announced, it was
the duty of the Appellate Court to remand the cause and
award a new trial, so that the error may be obviated.
(*Osgood* v. *Skinner*, 186 Ill. 491.)   The Appellate Court
having reversed the judgment for an error of law, was
without power to remand the case with directions to the
trial court to enter final judgment for the plaintiff for a
specified amount.    *Osgood* v. *Skinner, supra.*

The order of the Appellate Court to the circuit court
of White county to enter judgment for the plaintiff in the
sum of $417.64, with interest and costs, is reversed, and
the cause is remanded to the Appellate Court with direc-
tions to modify its judgment by striking out such order.

The judgment of the Appellate Court is reversed and
the cause is remanded to said Appellate Court.

*Reversed and remanded.*