The Chicago and Eastern Illinois Railroad Company

*v.*

The People *ex rel.* O. L. McCord, County Treasurer.

*Opinion filed December 20, 1905—Rehearing denied Feb. 20, 1906.*

1. Taxes—*when a tax levy cannot be validated—res judicata.* A judgment by the Supreme Court holding a particular tax levy to be invalid is a final adjudication that the tax is invalid, and the legislature has no power to thereafter validate the levy and thereby make the tax collectible, even though the act is passed before the remanding order is filed in the lower court.

2. Res judicata—*when lower court can only enter final judgment without re-trial.* Where the Supreme Court decides that a tax levy is invalid, which is the only issue in the case, the lower court, upon reversal and remandment, has no power except to enter a final judgment without re-trial, even though the Supreme Court gave no specific direction to that effect.

Wilkin and Hand, JJ., dissenting.

Appeal from the County Court of Vermilion county; the Hon. S. Murray Clark, Judge, presiding.

H. M. Steely, (W. H. Lyford, and E. H. Seneff, of counsel,) for appellant.

J. W. Keeslar, State's Attorney, (W. T. Gunn, and Swallow & Swallow, of counsel,) for appellee:

A judgment of the Supreme Court reversing and re-manding a case to the lower court leaves the case precisely as if no trial had occurred or judgment had been rendered. *Chickering* v. *Failes,* 29 Ill. 294; *Mohler* v. *Wiltberger,* 74 id. 163; *Cable* v. *Ellis,* 120 id. 136.

It is within the power of the legislature, by the enactment of retrospective statutes, to cure defects in legal proceedings. Of this class are statutes which cure irregularities in the assessment of property for taxation and the levy of taxes, etc. *Town of Fox* v. *Town of Kendall,* 97 Ill. 72; *Fairfield* v. *People,* 94 id. 244; Cooley's Const. Lim. (7th ed.) 531.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county sustaining a tax which had been levied "for county purposes" by the board of supervisors of said county at the September meeting, 1903, thereof, and which had been extended against appellant's property in that county. The application for judgment was made by the county treasurer at the June term, 1904, of the county court. Among other objections, the appellant filed one attacking the tax on the ground that the board of supervisors did not state separately the amount of tax required for each county purpose. This objection was overruled and judgment was rendered against appellant's property for the amount of the tax, together with the interest, penalty and costs due thereon. Appellant appealed to this court, where the judgment was, at the December term, 1904, reversed and the cause remanded. (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 213 Ill. 497.) The cause was re-docketed in the county court, and at the May term, 1905, thereof the court heard the case on the original application and objections and again overruled the objection above referred to, and entered judgment against appellant's property for the tax, etc. Appellant prosecutes this appeal from that judgment.

After the case had been reversed by this court but before the remanding order had been filed in the county court, the legislature of this State passed the following act, entitled "An act to make legal and valid the acts of the county board heretofore done in determining the amounts of all taxes to be raised for county purposes in their respective counties, and to make legal and valid the levy of taxes for county purposes thereunder :"

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That when the county board of any county heretofore in determining the amounts of all taxes to be raised for county purposes in

any year, has at its September session in such year determined said amounts by naming a fixed and definite sum to be so raised without naming the particular or specific purposes for which said taxes, when collected, shall be appropriated, expended or raised, and when any county board heretofore in determining the amounts of all taxes tó be raised for county purposes in any year, has at its September session in such year declared or provided that a certain number of cents on each $100 of valuation of property shall be raised for county purposes, not exceeding seventy-five cents on each $100 of such valuation and without naming the particular or specific purposes for which said taxes when collected shall be appropriated, expended or raised, and when any county board heretofore in determining the amounts of all taxes to be raised for county purposes in any year, has at its September session in such year, declared or provided that a certain number of cents on each $100 of valuation of property shall be raised for county purposes not exceeding seventy-five cents on the $100 of valuation of property and has named the particular or specific purposes for which such taxes when collected shall be appropriated, expended or raised, such determination and the taxes assessed, levied or extended, shall be and are hereby declared to be legal and valid, anything in any law of this State to the contrary notwithstanding.

"Sec. 2. Whereas, an emergency exists, therefore this act shall take effect and be in force from and after its passage."

This act was approved February 28, 1905. (Session Laws of 1905, p. 359.)

Appellant insists that upon the filing of the remanding order of this court in the county court the latter court had no alternative but to sustain the objection to the tax, because the tax had been declared and adjudged by this court to be illegal and invalid, and further insists that no act of the legislature could thereafter affect such determination and adjudication.

On the part of the appellee it is contended that the act of the legislature above set out validated the levy made by the board of supervisors at its September meeting, 1903, and removed the objection to the tax which this court had held was well taken; and this was the view taken by the county court on the hearing there.

The judgment rendered by this court when this cause was first here was a final adjudication that the tax in question was invalid. The legislature could not thereafter validate this levy and thereby make the tax collectible. Cooley's Const. Lim. (7th ed.) 136-139; *Dobbins* v. *First Nat. Bank,* 112 Ill. 553.

The only question presented on the earlier appeal was as to the validity of the levy. This court determined that such levy was not made in accordance with the law. That was a final determination of that question, and although the order reversing and remanding the cause did not specifically direct the court below to enter a judgment sustaining the objection, still there was no power in that court, upon the case being re-docketed there, except to enter such a final order or judgment without a re-trial, for the reason that this court had determined the only issue involved upon its merits. *In re Estate of Maher,* 210 Ill. 160; *Wenham* v. *International Packing Co.* 213 id. 397; *Clayton* v. *Feig,* 188 id. 603.

The judgment of the county court will be reversed, and the cause will be remanded to that court with directions to enter an order sustaining the objections to the tax.

*Reversed and remanded, with directions.*

Mr. Justice Wilkin, dissenting:

I think this opinion is in conflict with the previous decisions of the court. The former judgment of the county court was reversed and the cause remanded to that court without any directions whatever, and that left it, when reinstated, in precisely the same condition as though there had been no trial or judgment. "A judgment reversing the

judgment or decree of the trial court, expressed in general terms, without specific direction or instruction, operates to completely annul the judgment or decree of the lower court and to restore the parties to the position they occupied when the original decree or judgment was rendered. Its effect is substantially the same as that of a judgment awarding a new trial, for, in general, it opens up the whole case." (Elliott on Appellate Procedure, sec. 580, and cases cited.) Many decisions of this court are to the same effect. We did not hold in the former case that the county tax was not authorized by law, but simply that it was not levied in conformity with the requirements of section 121 of the Revenue act, as it then existed. The curative act of 1905 was passed expressly for the purpose of curing defects in that levy. The latter act has been sustained by this court in *People ex rel. v. Wisconsin Central Railroad Co.* (*ante,* p. 94,) and we there held in conformity with the rule announced in Cooley's Constitutional Limitations, (7th ed.) 531, which is: "If the thing wanting or which failed to be done, and which constitutes the defect in the proceeding, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act or in the mode or manner of doing some act which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." The same rule is followed in *Cowgill* v. *Long,* 15 Ill. 202, and was adopted in *Blake* v. *People,* 109 Ill. 504, and is recognized in *Fairfield* v. *People,* 94 id. 244. See, also, *Steger* v. *Traveling Men's Building Ass.* 208 Ill. 236, and *Fugman* v. *Jiri Washington Building and Loan Ass.* 209 id. 176.

It is a general rule that the province of an Appellate Court is only to inquire whether a judgment then rendered was erroneous or not. But if, subsequent to the judgment and before the decision of the Appellate Court, a law inter-

venes and positively changes the rule which governs, the law must be obeyed or its obligation is denied. *United States* v. *Schooner Peggy,* 1 Cranch, 40.

It is not claimed in this case that the tax in question has been paid, and I am unable to see why, upon the re-trial, the curative act of 1905 was not available to the county to enforce its collection. Certainly the case is not distinguishable, upon principle, from that of *Cowgill* v. *Long, supra,* where we held that the legislature has power to pass an act to remedy defects in the law authorizing taxation for building school houses while the tax remains uncollected. It is the well known policy of the law to favor the collection of all legal taxes.

Mr. JUSTICE HAND: I concur in the foregoing views expressed by Mr. JUSTICE WILKIN.