FRITZ GRIESBACH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 21, 1907—Rehearing denied April 3, 1907.*

RES JUDICATA—*when question of validity of dram-shop license is res judicata.* Where the only question involved on appeal in a *quo warranto* proceeding is the validity of a dram-shop license, which question hinges solely upon whether a certain minor had power to bind his property by signing the frontage petition, a determination by the Supreme Court that he had no power is an adjudication against the validity of the license even though the cause is remanded generally, and in such case the trial court can only enter judgment of ouster, and cannot permit additional pleas and proof to show that the mother of the minor intended by her signature to sign as his guardian as well as for her own dower interest.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

NICHOLAS MICHELS, and WOOD, FYFFE & ADCOCK, for appellant.

JOHN J. HEALY, State's Attorney, (CHURCH, MCMURDY & SHERMAN, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by the filing of a suit in the nature of *quo warranto* in the circuit court of Cook county challenging the right of appellant to hold and exercise a license to keep a dram-shop in what is known as the "local option district" of what was formerly the village of Hyde Park. The license was issued by the mayor of Chicago March 4, 1903, for the period from January 12, 1903, to May 1, 1903. To the information two pleas of justification were filed. The case was tried before the court and a jury, resulting in a verdict and judgment for appellant. On appeal to the Appellate Court the judgment was affirmed, but on a further appeal to this court the judgments of both the Appellate and circuit courts were reversed and the cause "remanded to the circuit court for such other and further proceedings as to law and justice shall appertain." (*People* v. *Griesbach,* 211 Ill. 35.) A statement of the pleadings and the issues then involved and passed upon by the court will be found in the opinion filed by this court in the case and need not be again here stated. Upon the case being re-docketed in the circuit court, appellant, by leave of said court, filed two additional pleas, in the first of which it was sought to raise the constitutionality of section 18 of the act of the legislature under which the village of Hyde Park was annexed to the city of

Chicago.   The second additional plea challenged the validity
of the ordinance of April 4, 1889, of the former village of
Hyde Park.   It is also averred in said second additional plea
that appellant had complied with the terms of said ordinance,
and had procured and presented with his application for li-
cense to keep a dram-shop, a petition signed by a majority of
the property owners, according to frontage, on both sides of
the streets in the block in which said dram-shop was to be
kept.   The plea averred that Mathilda Nottbohm was the
guardian of Charles Nottbohm; that said Charles Nottbohm
signed the petition in the presence of and at the direction of
his said guardian, and that when Mathilda Nottbohm affixed
her signature to the petition she "intended to sign in her
capacity as guardian of said Charles Nottbohm and also as
an individual."   Appellee moved to strike the additional
pleas from the files.   This motion was overruled and there-
upon appellee filed a general demurrer to the pleas.   The
court sustained the demurrer, and appellant asked and was
granted leave to amend the second additional plea.   After
some slight amendments were made to it, the plea as amended
was demurred to by appellee and the demurrer sustained.
The case then proceeded to trial before the court and a jury.
The court permitted proof at the hearing, over appellee's
objections, that Mathilda Nottbohm was present when her
minor son, Charles, signed the petition and that he signed it at
her direction.   Mathilda Nottbohm was also allowed to tes-
tify, over appellee's objections, that she intended to sign the
petition in her capacity as guardian of Charles Nottbohm.
Appellant was also permitted to introduce in evidence an
order of the probate court entered July 23, 1902, on the peti-
tion of Mathilda Nottbohm, authorizing her, as guardian of
Charles Nottbohm, to use her discretion in signing or ratify-
ing her signature theretofore given to any petition or peti-
tions for granting saloon licenses within the territory adjacent
to or in the vicinity of the premises of her said ward for the
current year only.   The license issued to appellant to conduct

a dram-shop at the premises described as 5014 Cottage Grove avenue until April 30, 1903, was held invalid in a *quo warranto* proceeding and a judgment of ouster entered against appellant. Afterwards appellant got up a new petition, upon which the license involved in this case was issued. Appellant was also permitted to introduce, over the objection of appellee, a petition filed in the probate court February 13, 1903, by Mathilda Nottbohm, praying for an order granting her leave to sign frontage petitions and consents for four different dram-shops, one of which was to be conducted by appellant at 5014 Cottage Grove avenue. Whether any action was ever taken by the probate court on this petition does not appear from the record, but it is stipulated by the parties that none had been taken when the license was issued.

We have not undertaken to set out all the evidence heard at the trial, but only such parts of it as in our view are necessary to a determination of the case. At the conclusion of the testimony, by agreement of the parties, the jury were discharged and the case submitted to the court for decision. The court found appellant not guilty and rendered judgment in his favor. Appellee sued out a writ of error from the Appellate Court to reverse that judgment. The Appellate Court reversed the judgment of the circuit court and remanded the case to said court, "with directions to said circuit court to enter a judgment of ouster," and appellant has prosecuted an appeal from that judgment to this court.

It is contended by appellant that the Appellate Court was without jurisdiction to entertain the writ of error, for the reason that the appellant, by his additional pleas, raised the question of the constitutionality of section 18 of the act of 1889, under which the village of Hyde Park was annexed to Chicago, and also of the ordinance of the village of Hyde Park, and the trial court's ruling in sustaining demurrers to said pleas were preserved for review by the Appellate Court by the assignment of cross-errors. No motion was made by appellant in the Appellate Court for the dismissal of the writ

of error on the ground that that court had no jurisdiction to entertain it, but it is contended that the court should have dismissed the writ on its own motion. It is said in appellant's brief and argument that the Appellate Court had no authority to remand the case with directions to the circuit court to enter a judgment of ouster, but on oral argument counsel for appellant stated this proposition was not insisted upon. It will therefore not be discussed or given further mention. It is also argued that it was competent, after the remandment of the case from this court to the circuit court, to prove by parol testimony that Mathilda Nottbohm intended, in signing the petition, to sign it as guardian for her son, Charles, and that in the light of the proof on that question the consent as to the property of Charles Nottbohm was valid and the petition therefore good, and this is the principal question discussed in appellant's brief and argument. The judgment of the Appellate Court was based upon the view that the validity of the petition was passed upon and determined by this court on the former appeal, and was therefore *res judicata.*

When the case was before us on the former appeal there was no proof in the record that Mathilda Nottbohm signed the petition, or intended to sign it, as guardian of her son, Charles. She was the owner of a dower interest in the premises, and the contention then was that the signature of Charles Nottbohm, though a minor, was valid. It was necessary to the validity of appellant's license that he should have the valid consent of the owner of the Nottbohm property. Without it the petition did not represent the amount of frontage necessary to authorize the issuance of the license. We then held that Charles Nottbohm, being a minor, was incapable of giving consent, and said (p. 42) : "He was not a competent petitioner, and the frontage of his property must be deducted from the total frontage of 2347.13 feet represented on the application of the appellee for the license. The total frontage remaining after such deduction is 2132.79

feet. It appeared from the facts stipulated by the parties' that 2252.52 feet frontage is essential to a good application. The application was therefore fatally insufficient to warrant the issuance of the license to the appellee. The license, therefore, did not confer on appellee the right to keep the dram-shop in question, and the court erred in denying the prayer of the petition." That we did not then enter a judgment of ouster or remand the case to the circuit court with directions to that court to enter such judgment does not affect the question that this was a positive and unequivocal adjudication that appellant not having the valid consent of the owners of the necessary frontage, his license to keep a dram-shop was therefore invalid. Under such adjudication, although no specific directions were given the trial court, when the remanding order was filed and the case again docketed there was but one course for that court to pursue, and that was to give effect to the adjudication of this court that appellant's license was invalid and enter judgment of ouster against him. The circuit court was no more justified in granting appellant leave to file additional pleas and hearing other evidence than it would have been if the order remanding the case had directed it to enter a judgment of ouster. If appellant's license was invalid, as held by this court, then no other judgment could properly be rendered, and it was erroneous for the trial court to again open up the case for the purpose of giving appellant an opportunity to present additional evidence upon a new theory of defense. The only question litigated in the former appeal was the validity of appellant's license, and its validity depended upon whether consent had been properly obtained of the owner of the Nottbohm property. We held it was not, and held appellant's license to be invalid. This record presents the same consent petition of the property owners, with the same signatures thereto, that was presented by the former appeal, and appellant's license having been adjudged invalid on the former appeal, appellant was precluded from seeking to validate said license by

the introduction of testimony after the case was remanded to the circuit court.

In *Chicago and Eastern Illinois Railroad Co.* v. *People,* 219 Ill. 408, it was said (p. 411) : "The judgment rendered by this court when this cause was first here was a final adjudication that the tax in question was invalid. * * * The only question presented on the earlier appeal was as to the validity of the levy. This court determined that such levy was not made in accordance with the law. That was a final determination of that question, and although the order reversing and remanding the cause did not specifically direct the court below to enter a judgment sustaining the objection, still there was no power in that court, upon the case being re-docketed there, except to enter such a final order or judgment without a re-trial, for the reason that this court had determined the only issue involved upon its merits."

In *Lusk* v. *City of Chicago,* 211 Ill. 183, it was said (p. 188) : "In other words, and as applied to the case at bar, the validity of the original ordinance of 1893 was attacked upon the first appeal upon the ground that it did not sufficiently describe the improvement. When the cause was re-docketed the validity of the same ordinance was attacked upon another ground. This, we think, cannot be done. When the validity of the original ordinance was attacked at the first hearing all the grounds of objection as to the validity of the ordinance should have then been presented, and not having been then presented could not be presented afterwards or now. To hold that in the trial of a cause the constitutionality of a law or the validity of an ordinance may be attacked upon one ground and an appeal prosecuted and a decision of a court of review had upon that question, and when the cause is remanded and again placed upon the docket the same statute or ordinance may be attacked upon another ground requiring another appeal to determine the validity of the same ordinance in the same proceeding, is a practice that cannot be permitted to obtain. Litigation would

never end and a court would never know. when it had settled the propositions in a single case." The same rule is announced in *Gross* v. *People,* 193 Ill. 260, and *Village of Brooklyn* v. *Orthwein,* 140 id. 620.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*