Charles W. Rigdon, Appellant, *vs.* Clair E. More, Admr., Appellee.

*Opinion filed October 26, 1909—Rehearing denied Dec. 10, 1909.*

1. Practice—*waiver of jury applies only to the first trial.* A waiver of a jury binds the parties only as to the first trial, and when the case is remanded to the trial court both parties are restored to their original right of trial by jury.

2. Same—*stipulation of facts not admissible on second trial if objected to.* The stipulation of facts upon which a trial is had is not admissible in a second trial if objected to by either party.

3. Same—*effect of remanding order in suit at law.* If a judgment in an ordinary suit at law, in which the parties are entitled to a jury trial, is reversed by the Supreme Court for errors intervening prior to the entry of the judgment and the cause is remanded generally, the parties are entitled to a trial *de novo.* (*Griesbach* v. *People,* 226 Ill. 65, distinguished.)

4. Same—*power of Supreme Court to direct entry of proper judgment.* It is only where the reversal is for error occurring after the entry of the verdict that the Supreme Court may direct the entry of a proper judgment on remanding a case at law in which the parties are entitled to a jury trial. (*Prentice* v. *Crane,* 240 Ill. 250, and *In re Maher,* 210 id. 160, distinguished.)

5. Same—*when case should be tried de novo on remandment.* Where a judgment of the Appellate Court affirming a judgment disallowing a claim against an estate for commissions for the sale of land is reversed by the Supreme Court upon the ground that there was evidence making a *prima facie* case of employment to sell the land, the final order being that "the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court," the case should be tried *de novo.*

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. George A. Carpenter, Judge, presiding.

Fyffe & Adcock, (Colin C. H. Fyffe, of counsel,) for appellant.

Bulkley, Gray & More, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a suit to collect commissions for the sale of real estate and is in this court for the second time. The decision on the first hearing is found under the same title in 226 Ill. 382, where the facts as existing up to that time are fully set forth. The claim for commissions was filed in the probate court of Cook county against the estate of William W. Strong and disallowed by that court. On appeal to the circuit court a jury was waived and the cause tried by the court and judgment entered against the appellant. This judgment was affirmed by the Appellate Court on appeal. We held in the decision above referred to, that whether there was any evidence tending to support appellant's cause of action was a question of law, which might be reviewed here, and that "the evidence makes a *prima facie* case of the employment by Strong of plaintiff in error, as a broker, to sell the real estate mentioned." The remanding order in that case reads: "The judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court." On the second trial in the circuit court the mandate of this court was offered in evidence and with it a certified copy of the record filed in the original cause in this court, and it was thereupon insisted by counsel for appellant that the only thing the trial court could do was to enter a judgment on that record, while counsel for appellee contended that the order reversing and remanding was general and his client was entitled to a jury trial on the second hearing. The trial court ruled against appellant's contention, and both parties having announced themselves ready for trial it was ordered that a jury be called. The attorney for appellant then stated to the court that he elected to stand by the record he had already made and would offer no evidence. The court thereupon ordered that "appellant's claim be and it hereby is dismissed." That order and judgment was affirmed by the Appellate Court on appeal, and this appeal followed.

The sole question at issue is whether the remanding order entered by this court in 226 Ill. 382, was conclusive as to the judgment to be entered by the trial court or whether the case was sent back for a trial *de novo.* A waiver of jury for the purpose of trial is exhausted by that trial, and when the case is remanded to the trial court both parties are restored to their original right of trial by jury. The agreement to waive a jury trial binds the parties only as to the first trial. (*Osgood* v. *Skinner,* 186 Ill. 491.) The stipulation of facts on a former trial is not admissible in a second trial over the objection of either party. (*City of Alton* v. *Foster,* 207 Ill. 150.) The effect to be given to a remanding order must depend, to some extent at least, upon the circumstances of the particular case.

Counsel for appellant cite as supporting their contention, among other cases, *Chicago and Eastern Illinois Railroad Co.* v. *People,* 219 Ill. 408, and *Wenham* v. *International Packing Co.* 213 id. 397. In those cases the parties were not entitled, as a matter of right, to a jury trial on the particular points decided by this court. *Prentice* v. *Crane,* 240 Ill. 250, and *In re Maher,* 210 id. 160, are also cited as supporting appellant's contention as to the effect of remanding orders. These last cases were hearings in chancery, in which the court was charged with the responsibility of weighing and deciding upon the facts. A different rule governs as to the effect of remanding orders in such cases than obtains in common law actions, where the parties are entitled to a trial by jury. Our attention has not been called to any common law action in which it has been attempted to apply the rule contended for by appellant without allowing a jury trial on the rehearing. In such actions the judgment of the trial court, affirmed by that of the Appellate Court, is binding upon this court as to the facts, because we do not weigh the evidence but only determine whether there is any evidence in the record which tends to support plaintiff's cause of action. *Libby, McNeill*

*& Libby* v. *Cook,* 222 Ill. 206; *Reiter* v. *Standard Scale Co.* 237 id. 374.

It is insisted by appellant that *Griesbach* v. *People,* 226 Ill. 65, and *Roemheld* v. *City of Chicago,* 231 id. 467, support his contention. We cannot so hold. *Griesbach* v. *People* was a *quo warranto* proceeding and not an ordinary common law action. *Quo warranto* was originally criminal in its nature, and while now the pleadings in such cases should conform, as far as possible, to the general principles and rules governing pleadings in civil actions, it yet retains in some instances its criminal form. (*People* v. *Heidelberg Garden Co.* 233 Ill. 290.) The *Roemheld case* does not in any way involve the question here under discussion. In that case this court in its final decision simply held the finding of fact made by the Appellate Court sufficient. In an ordinary civil action at common law, where the parties are entitled, as a matter of right, to a jury trial, this court can only reverse the judgment and remand the cause with directions to the trial court to enter the proper judgment therein, where the error occurred after the verdict was entered. (*Village of Shumway* v. *Leturno,* 225 Ill. 601; *Ogilvie* v. *Copeland,* 145 id. 98.) But where the errors have intervened prior to the entry of the judgment and the cause is reversed therefor it must be remanded for a trial *de novo.*

Counsel for appellant admit that this case was reversed and remanded generally by this court in 226 Ill. 382, and we think it is clear from the opinion and remanding order that it was sent back for a trial *de novo;* that the error pointed out by this court was of such character that it might have been obviated by additional evidence on the second trial. (*Clarke* v. *Supreme Lodge Knights of Pythias,* 189 Ill. 639; *Prentice* v. *Crane, supra.*) Both parties on the second trial were entitled to a jury.

The judgment of the Appellate Court must therefore be affirmed.                              *Judgment affirmed.*