(No. 11883.—Judgment reversed.)

THE PEOPLE *ex rel.* C. E. Robinson, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed April 17, 1918.*

1. SCHOOLS—*when there is no de facto district.* After a judgment of ouster against a board of education of a high school district has been affirmed by the Supreme Court on the ground that the act under which it was organized was void there is no school district *de jure,* and unless there is an attempt to organize a district under some law authorizing its creation there is no *de facto* district.

2. SAME—*when tax levied by board of education is unauthorized.* After final judgment of ouster against the board of education of a high school district organized under the void act of 1911 has been affirmed by the Supreme Court, the persons acting as directors of the district have no power to levy a tax.

3. TAXES—*legislature cannot validate levy of a tax after judgment by Supreme Court holding it invalid.* The legislature has no power to validate the levy of a tax after a judgment by the Supreme Court holding such tax levy invalid. (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 219 Ill. 408, followed.)

CARTWRIGHT, J., dissenting.

APPEAL from the County Court of Kankakee county; the Hon. JAY H. MERRILL, Judge, presiding.

W. R. HUNTER, for appellant.

WAYNE H. DYER, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal of the New York Central Railroad Company from a judgment of the county court of Kankakee county against the property of the appellant for a tax purporting to have been levied in 1916 by certain persons claiming to act as the board of education of a supposed high school district known as High School District No. 301. A judgment of ouster was rendered against these persons

by the circuit court of Livingston county upon an information in the nature of *quo warranto* at the February term, 1916, which was affirmed by this court at the October term, 1916, on the ground that the statute of 1911, under which the district was organized, was void. (*People* v. *Weis,* 275 Ill. 581.) There was therefore no school district *de jure,* and since there was no attempt to organize a district under a law authorizing the creation of such a district there was no school district *de facto.* There can be no *de facto* corporation unless there is a law authorizing such corporation and an effort to organize under that law. (*Imperial Building Co.* v. *Board of Trade,* 238 Ill. 100; *Gillette* v. *Aurora Railways Co.* 228 id. 261; *Marshall* v. *Keach,* 227 id. 35.) The persons acting as directors of the supposed high school district had no power to act as such directors. Their attempted levy of a tax was without authority of law, and the objections of the appellant for that reason should have been sustained.

The act of 1917, to legalize the organization of certain high school districts, (Laws of 1917, p. 744,) is relied upon as making valid the levy of the tax. In *Chicago and Eastern Illinois Railroad Co.* v. *People,* 219 Ill. 408, it was held that the legislature had no power to validate the levy of a tax after a judgment by the Supreme Court holding the tax levy invalid. So the legislature had no power to validate the organization of the high school district after judgment by the Supreme Court holding its organization invalid.

The judgment of the county court is reversed.

*Judgment reversed.*

Mr. JUSTICE CARTWRIGHT, dissenting:

The act of 1911, under which an attempt was made to create High School District No. 301, was void, and there being no law there was no school district *de jure* or *de facto* by virtue of anything done under that act. There being no law under which the district could have been organized,

the circuit court of Livingston county entered judgment of ouster against the persons assuming to exercise corporate powers, and this court affirmed the judgment. (*People* v. *Weis,* 275 Ill. 581.) Afterward the General Assembly passed an act providing that in all cases where a majority of the inhabitants of any contiguous and compact territory had voted, at any election called as therein provided, in favor of the organization of such territory into a high school district, and when, at a subsequent election so called and held, a board of education had been chosen for such district, the territory was declared to be a valid and existing school district and the board of education the duly constituted corporate authorities thereof. (Laws of 1917, p. 744.) The circuit court of Moultrie county had dismissed a petition for leave to file an information questioning the organization of a high school district under the act of 1911, and the act was passed pending an appeal to this court from that judgment. It was claimed on the appeal that the act of 1917 invaded the province of the judicial department of the State government. The claim was denied, and the court said that the General Assembly did not by the curative act purport or attempt to legalize the act of 1911, which was declared void by this court and was still void, so that no school district could be organized in the future under the act, but inasmuch as the General Assembly may by its own enactments create school districts, it could validate school districts in the situation specified in the act, regardless of the act of 1911 and although that act was void. *People* v. *Fifer,* 280 Ill. 506.

In *People* v. *Stitt,* 275 Ill. 593, the circuit court of Woodford county, in a proceeding by information against the president and members of the board of education of School District No. 375 in the counties of Woodford and McLean, had rendered judgment in their favor, and the judgment was reversed by this court because the act of 1911, under which the district had been organized, was void. The

case was re-docketed in the circuit court, and, additional pleas having been filed, there was a judgment of ouster against the defendants and an appeal from that judgment was taken to this court. The act of 1917 had been passed, and it was insisted that this court having already decided the organization of the district invalid, the curative act was a plain attempt to override a judicial decision, and under the reasoning of the court in *Chicago and Eastern Illinois Railroad Co.* v. *People,* 219 Ill. 408, the act must be held invalid so far as it affected that particular district. It was held that the act did not attempt to deprive the courts of jurisdiction or to override the decision of this court but merely made effective the elections referred to therein. *People* v. *Stitt,* 280 Ill. 553.

In *People* v. *Madison,* 280 Ill. 96, there had been an attempted organization of a high school district under the act of 1911 and the proceedings were void and created no district, but it was held that the act of 1917 was effective to make the district valid on the ground that the General Assembly might have authorized the creation of a high school district out of any contiguous or compact territory by a vote of a majority of the inhabitants at an election called by the county superintendent of schools, and might provide for the organization, division or consolidation of districts, fix their boundaries and afterwards change them, if it deems best for the public interest, without any petition for that purpose and without any vote on the question.

In *People* v. *Peltier,* 275 Ill. 217, it was held that the act of April 24, 1915, legalizing elections for organization of high school districts previously held, did not attempt to deprive the courts of jurisdiction but merely made effective the elections referred to therein, and that the act did not encroach upon the province of the judiciary.

This court having held in all these cases that the act of 1917 did not give, or attempt or purport to give, vitality to the act of 1911, which had been declared void and still

remained unconstitutional and void, so that no district could be organized under its provisions but only validated and made effective elections and attempted organizations regardless of that act, it necessarily follows that the act in no manner affected, interfered with or sought to set aside the judgment of this court. The decision in *Chicago and Eastern Illinois Railroad Co.* v. *People, supra,* where an act had been passed purporting to validate a tax levy held invalid by this court, does not apply to this case or to the present situation. If the act of 1917 was not an attempt to override or set aside the decision of this court in *People* v. *Stitt,* 275 Ill. 593, holding the organization of School District No. 375 invalid, it cannot be said to have been an unauthorized attempt to overrule or nullify the decision in *People* v. *Weis, supra.*