(No. 12332.—Judgment affirmed.)

THE PEOPLE ex rel. Charles A. Lafferty et al. Appellees,
vs. LESLIE J. OWEN et al. Appellants.

*Opinion filed February 20, 1919.*

1. SCHOOLS—*when final judgments in certiorari proceedings destroy the right to office of board of education.* Final judgments of the circuit and Supreme Courts in *certiorari* proceedings nullifying the organization of a high school district and rendered prior to the passage of the curative act of 1917 are as effectual to destroy the right or pretension of the members of the board of education to hold their offices as if they had been ousted in a *quo warranto* proceeding, where the members of the board were elected after the *certiorari* proceedings had been begun.

2. SAME—*legislature has no power to set aside final judgments.* The legislature has no power to validate any proceeding to organize a high school district under the act of June 5, 1911, after final judgment has been rendered by the Supreme Court holding the organization of such district invalid, whether such final judgment was rendered in a proceeding by common law writ of *certiorari* or on an information in the nature of *quo warranto.*

3. CERTIORARI—*effect where school election is held after certiorari proceeding has been begun.* Where an election of a board of education of a high school district is held after a *certiorari* proceeding to quash the record of the organization of the district has been begun, the persons elected as members of the board are bound by the judgment rendered in such proceeding.

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

DEMANGE, GILLESPIE & DEMANGE, for appellants.

MILES K. YOUNG, State's Attorney, and STERLING, LIVINGSTON & WHITMORE, (SIGMUND LIVINGSTON, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

On December 21, 1917, upon leave granted, the People, upon the relation of Charles A. Lafferty and a number of others, filed an information in the nature of *quo warranto*

in the circuit court of McLean county against appellants, Leslie J. Owen and others, requiring them to show by what right they claimed to hold the offices of president and members of the board of education of a certain pretended High School District No. 333, situated in McLean county. To the information appellants filed a plea sufficient to show that the necessary steps had been taken to organize said territory into a high school district under the act of June 5, 1911, and that the election for the organization of said district occurred February 15, 1916, and that at an election under said act duly called and advertised they were duly elected as president and members of said board of education March 4, 1916. They further averred in their plea that by virtue of the validating act of June 14, 1917, they had levied and collected taxes, employed and paid teachers and janitors, rented a school house, and had caused to be conducted a high school in said district continuously since their election. Appellees replied to the plea, in substance, that this court on October 24, 1916, prior to the passage of the validating act of 1917, upon appeal had affirmed a judgment of the circuit court of McLean county quashing the record of High School District No. 333 in a proceeding by common law writ of *certiorari,* in which the relators herein, as tax-payers and owners of land in said school district, were petitioners, and Benjamin C. Moore, county superintendent, and others, were defendants; that the judgment in the *certiorari* proceeding constitutes a bar to the operation of the validating act of 1917 upon district No. 333, and that the pendency of the *certiorari* proceeding in the circuit court, and the judgment therein, so invalidated appellants' election that the act of 1917 would not operate to validate it. Appellants filed a rejoinder, setting forth the judgments of the circuit court and of this court in the *certiorari* case, and also the opinions of the circuit judge and of the Supreme Court in that case and the opinion of the Supreme Court in the case of *People* v. *Weis,* 275 Ill. 581;

alleged that the judgments of the circuit court and of this court in the *certiorari* case (*Lafferty* v. *Moore,* 275 Ill. 580,) were based on the sole ground that the act of June 5, 1911, was unconstitutional; and further alleged that those judgments were not final judgments or binding on appellants because they were not parties to the judgments, and that those judgments did not prevent the validating act of 1917 from validating their election. Appellees demurred to appellants' rejoinder. Appellants moved to carry the demurrer back to appellees' replication. The trial court sustained appellees' demurrer to the rejoinder and overruled appellants' motion to carry the demurrer back. Appellants stood by their motion to carry back the demurrer and by their rejoinder and moved the court in arrest of judgment. The trial court overruled appellants' motion in arrest of judgment and entered judgment of ouster, from which appellants have appealed.

The judgments of the circuit court and of this court in the *certiorari* proceedings are final judgments, which quashed the record of the high school district and held the proceedings absolutely void and of no effect. From and after the rendering of those judgments the pretended record showing the organization of said high school district was an absolute nullity, and they were just as effectual to destroy the right or pretension of the appellants to assert and hold their offices as a board of education as if they had been ousted in a *quo warranto* proceeding and the district declared void. At the time the *certiorari* proceedings were instituted there was no board or pretended board of education in existence to be ousted by a proceeding in the nature of *quo warranto*. The common law writ of *certiorari* was the only remedy, at the time it was sued out, to test the validity of the district, as there was no remedy by appeal or otherwise, and *quo warranto* would not lie as there were no officers or pretended officers at that time in the district against whom information could be filed. The

board of education of district No. 333 elected after the *certiorari* proceedings had been begun were bound by the proceeding. When called on by the information in this case to show their authority for assuming to be such officers it was incumbent upon them to show a right *de jure* to such offices. The showing in this record is that they were elected under the provisions of a void act as a board of education of a high school district pretended to be organized by the same void act, and which had by courts of competent jurisdiction been declared as having no legal existence and the pretended record thereof null and void.

The legislature has no right or power to annul, set aside or impair the final judgments previously rendered by courts of competent jurisdiction. The legislature had no power to validate any proceeding to organize a high school district under the act of June 5, 1911, after final judgment had been rendered by this court, before the act of 1917 was passed, holding the organization of the district invalid, and it does not matter whether such final judgment was rendered in a proceeding by common law writ of *certiorari* or in a proceeding in which an information is filed in the nature of a *quo warranto*. (*People* v. *New York Central Railroad Co.* 283 Ill. 334; *People* v. *Cowen,* 283 id. 308.) We have heretofore frequently held that the validating act did apply to all high school districts organized under said act even where proceedings were pending in a lower court of competent jurisdiction to oust the high school board and to declare the organization of the district void, or where such cases were pending, on appeal or otherwise, in this court and final judgment had not been rendered. *People* v. *Stitt,* 280 Ill. 553; *People* v. *Madison,* 280 id. 96; *People* v. *New York Central Railroad Co.* 282 id. 458.

As the judgment of this court in the *certiorari* proceeding aforesaid was a final judgment declaring the organization or pretended organization of district No. 333 void, the judgment of ouster in this case was the only proper and

286 — 41

legal judgment that could have been rendered. It follows, as a matter of course, that the trial court did not err in refusing to allow appellants' motion to set aside its order granting leave to file the information and to dismiss this suit, as the court had before it the petition for *certiorari* and the judgments of the trial court and of this court in said *certiorari* proceeding in *Lafferty* v. *Moore, supra,* in addition to the allegations in the petition for leave to file the information, supported by affidavits.

The judgment of the lower court is therefore affirmed.

*Judgment affirmed.*