(No. 12552.—Decree affirmed.)
JOHN M. KANE *et al.* Appellees, *vs.* OSCAR L. WEIS *et al.* Appellants.

*Opinion filed June 18, 1919.*

TAXES—*levy of high school tax is invalid after final judgment dissolving district.* The levy of a high school tax is invalid when made after a final judgment dissolving the organization of the district, and where the proceedings attacking the organization of the district had ended and were not pending in any court when the curative act of 1917 was passed, the levy is not valid though made after the passage of that act. (*People* v. *Stitt*, 280 Ill. 553, distinguished.)

APPEAL from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding.

C. M. CLAY BUNTAIN, and H. E. TORRANCE, for appellants.

ADSIT & THOMPSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in equity filed in the circuit court of Livingston county by certain tax-payers of an alleged high school district situated in the counties of Livingston, Kankakee and Grundy, to restrain, on behalf of complainants and other tax-payers in said district, the collection of certain high school taxes levied for the year 1917. After the plaintiffs in error answered, the cause was heard by the trial

court on bill and answer and a decree entered restraining the collection of said taxes. From that decree this appeal was prayed.

In May and June, 1915, the alleged district was attempted to be organized under the High School act of 1911. A *quo warranto* proceeding was brought in the circuit court of Livingston county as to the legal organization of the district and a decree entered holding the organization invalid and dissolving it. The judgment of the circuit court was affirmed on appeal to this court. (*People* v. *Weis,* 275 Ill. 581.) There was no attempt made, so far as appears from the record, to re-organize such district after the decision by this court in that case. The same persons who originally acted as the board of education attempted to levy taxes in 1916, and the validity of that levy was passed on by this court in *People* v. *New York Central Railroad Co.* 283 Ill. 334, the tax for that year being held invalid because there was no *de jure* or *de facto* school district. No steps were taken by the school authorities of said district thereafter to re-organize said district, and it is conceded the only material difference in the situation with regard to the tax levy so held invalid in the last named case and the levy here in question is, that the taxes so held invalid were levied before the passage of the so-called curative act of June 14, 1917, while the taxes here in question were levied after said act became effective. It is now argued that the district became at least a *de facto* organization, having been made a valid district by the curative act, and that therefore the tax levy for 1917 should be held valid.

This is the identical district concerning which the High School act of 1911 was declared unconstitutional. After the decision of this court in that case no attempt was made to keep the legal proceedings alive in any court, and under the reasoning of this court in *People* v. *New York Central Railroad Co. supra,* and the recent decision in *People* v. *Owen,* 286 Ill. 638, it must be held that the legislature had

no power to set aside the final judgment of the courts and validate the organization of this district after such final judgment had been entered. Nothing has been said in any way conflicting with this conclusion of this court in any of the decisions·holding the present curative act valid, including *People* v. *Madison,* 280 Ill. 96, *People* v. *Gunn,* 281 id. 244, *People* v. *Mathews,* 282 id. 85, and *People* v. *Stitt,* 280 id. 553. Counsel for defendants in error concede this except as to *People* v. *Stitt, supra,* and it is insisted that the facts in that case are so very similar to those raised here that under the reasoning of that decision this tax should be held valid and the district a *de facto* organization. It is clear from the reasoning of this court in this last named case that the original court proceedings were still pending and undecided at the time the opinion was written in *People* v. *Stitt, supra,* and on that record that case is clearly distinguishable from this one, as here no court proceedings were pending at the time the curative act was enacted. The final decision of this court in *People* v. *Weis, supra,* had been theretofore made and the court proceedings ended long before the enactment of the curative legislation or the levy of this tax. If anything was said in *People* v. *Stitt, supra,* contrary to the conclusion here reached, that reasoning was, in effect, overruled in *People* v. *New York Central Railroad Co. supra,* and *People* v. *Owen, supra,* and if there is anything said in the opinion in the *Stitt case* seemingly contrary to this conclusion it is hereby in terms overruled. In no possible way can this case be distinguished, on principle, from the decision of this court in *People* v. *New York Central Railroad Co. supra,* or *People* v. *Owen, supra.*

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*