(No. 35456.—

GUSTAVE K. FRANKLIN, Appellee, *vs.* THE VILLAGE OF FRANKLIN PARK, Appellant.

*Opinion filed May 20, 1960.*

Norman E. Jacobson, of Franklin Park, for appellant.

Howard & Howard, of Chicago, (Marshall S. Howard, of counsel,) for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

The plaintiff prevailed in this declaratory judgment action attacking the validity of the zoning ordinance of the village of Franklin Park as applied to his property, and the village appeals. The trial judge executed the statutory certificate, and the village appeals directly to this court. Ill. Rev. Stat. 1959, chap. 110, par. 75(1)(c).

Prior to 1950, the property was zoned for commercial uses. The zoning ordinance now before us restricted its use to "A" residential purposes. Before he instituted this action, the plaintiff's application for rezoning of the property for industrial use had been denied. Three witnesses testified: the plaintiff, and one real-estate expert for each side. There is no serious dispute as to the facts.

For 50 years the plaintiff has been the owner of the property in question, four vacant lots on the northeast cor-

ner of Belmont Avenue and Edgington Street. The total frontage on Belmont is 100 feet and on Edgington 125 feet. Belmont Avenue is a heavily traveled four-lane east-west highway, while Edgington is a through street running north and south.

Much of the property in the immediate vicinity is devoted to commercial and industrial uses. The village owns the block diagonally across Belmont Avenue to the southwest of the subject property. On this land are an underground reservoir with a capacity of 4,000,000 gallons, a 79-foot-high water tower with a capacity of 100,000 gallons, the village hall which houses the assembly room and the fire and police departments, garages, and various utility buildings. Directly south across Belmont Avenue from plaintiff's property is the Fisher X-ray Laboratory plant in which parts for X-ray equipment are assembled. Immediately east of the Fisher plant is the plant of Fearn Foods, Inc. Directly to the west across Edgington Street from the plaintiff's lots are a real-estate office and a building used as an office by private suburban patrol service.

Immediately west of the real-estate office on the north side of Belmont are a photographic studio, three residences and a funeral home on the corner of the next street. North of the real-estate office and the plaintiff's property on both sides of Edgington Street, there are residences with an average value of $23,000 according to the defendant's real-estate expert. East of the plaintiff's property on the north side of Belmont are two old residences and on the corner of the next street, Washington Street, are an automobile repair and service garage, and a parking lot. North of Belmont, the west side of Washington Street is solidly residential. On the east side of Washington Street, however, is the factory of the Nelson Steel Company, two blocks in length, which was built before the houses across the street from it.

Both real-estate experts testified that for residential pur-

poses the property had a value of approximately $8,000. For industrial or commercial purposes, defendant's witness fixed a value of $12,000, while plaintiff's witness doubled that figure. Plaintiff testified he had never received an offer to purchase the property for single-family residence purposes, but that he had been offered $16,000 for use of multiple-family dwellings and $22,765 if the property could be used as a filling station site.

In our opinion the record justified the trial court in finding that the ordinance was invalid insofar as it restricted the use of the property to single-family residences. The judgment that was entered, however, also declared that the zoning ordinances of the village, "zoning plaintiff's property for any purpose other than Commercial 'B' or light industrial, as prescribed in Village of Franklin Park's zoning ordinance, are unreasonable, unconstitutional and void as to plaintiff's property hereinafter described."

The village takes the position that the trial court exceeded its authority in declaring that the property can be zoned only for commercial or light industrial uses, and that after the ordinance zoning the property for single-family dwelling purposes had been found invalid "it became a matter of legislative discretion as to which of the remaining classifications * .* * should be applied to plaintiff's property." It points out that if the "legislative authorities were to determine that the property should be zoned for some other use than single-family residential but not for Class 'B' Commercial, plaintiff still would have recourse to the Courts * * *."

The plaintiff, on the other hand, emphasizes that the purpose of a declaratory judgment is to eliminate, so far as possible, the controversy between the parties and that to require the entry of a judgment which did no more than invalidate the existing zoning would be to invite further litigation. He points out that the abstract in *Chicago Title and Trust Co. v. Village of Franklin Park*, 4 Ill.2d

304, shows that a substantially similar judgment order was there affirmed.

The evidence that was offered in this case concerned the compatibility of commercial and light industrial uses with uses on the surrounding property. If the ordinance was declared unconstitutional and the land left unzoned, the plaintiff would be free to use his land for heavy industrial uses not contemplated at the trial, or the village might rezone to another classification that would still exclude most commercial and industrial uses. In either case the true holding of the court would be flaunted. The court may frame its judgment to effectuate its findings as to the rights of the parties. *Sinclair Pipe Line Co.* v. *Village of Richton Park, ante,* p. 370.

The judgment is affirmed.

*Judgment affirmed.*