EDWARD F. HEINRICH, Plaintiff-Appellant, *v.* THE CITY OF MOLINE, Defendant-Appellee.

Third District    No. 77-485

Opinion filed April 26, 1978.

Thomas A. Blade and Schwiebert & Schwiebert, both of Moline, for appellant.

Francis R. Van Hooreweghe and William P. Laird, both of Moline, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Edward F. Heinrich filed this declaratory judgment action to challenge the validity of $7,615.64 in water fees and $26,413.10 in sewer

fees claimed by defendant City of Moline for the privilege of connecting to the existing municipal sewer and water mains. The trial court entered a judgment on the pleadings in favor of defendant, and plaintiff appeals. The issue presented for review is whether the City of Moline can collect tap-on fees for connection to water and sewer lines when the original costs of constructing the lines have already been recouped.

According to the allegations in the complaint, in 1960 the City agreed to furnish water and sewer mains for a new addition to be developed south of existing sewer and water service. Plaintiff owned several acres of land between the new addition and the existing mains, so the new mains were laid across his property. At the time the mains were constructed, the developers of the new addition entered into a contract with the City whereby they agreed to pay the cost of the water main project by means of a special assessment payable in 10 annual installments. The City used these installment payments to retire the municipal bonds issued to finance construction of the project. Under the contract the City agreed to collect tap-on fees from all property owners who connected with the water mains and to pay those fees to the developers during the 10-year duration of the contract. The entire cost of the sewer project was also charged against the property in the new addition. Although the special assessments for the two lines were not paid within ten years, they were eventually paid in full, and the bonds have now been retired.

A 1971 ordinance now in effect provides for a fee to be charged any person who wants to connect to the City's water mains. The fee charged is equal to the cost of installation of the water main across the frontage of the property if the application for connection is made within one year of the installation; thereafter, the fee shall be $7.50 per front foot plus interest of six percent per annum. A similar provision in a 1975 ordinance governs sewer service hookups, except that the standard is $15 per front foot without interest where the connection is sought more than one year after the sewer line is installed. Plaintiff granted the City an easement for a sewer line, and the easement agreement dated May 13, 1960, gave plaintiff the right to connect to the sewer main provided he pays "the required tap-on fee."

Plaintiff's declaratory judgment complaint alleged that the tap-on fees claimed by the City were unlawful and that Moline lacked authority to charge such fees against plaintiff's property. The trial court granted defendant's motion for judgment on the pleadings in favor of defendant. We agree that plaintiff has no cause of action against the City.

■■ First, plaintiff contends that the water and sewer ordinances were drawn solely for the purpose of recovering the costs incurred in constructing particular mains, and that the language of the ordinances does not encompass collection of fees to meet future costs. Since the construction costs for the mains across plaintiff's property have been fully

paid, he argues that the City is no longer entitled to charge him a connection fee under the provisions of the ordinances themselves. The language of the ordinances shows that, while the fees during the first year are based upon actual construction costs, fees in subsequent years are not limited to recovery of those actual costs. In addition, the ordinances provide that no lot shall be deemed to have less than 45 frontage feet, so the minimum fee would be greater than costs. Accordingly, we find that the ordinances themselves do not expressly or impliedly limit the assessment of connection fees to the recoupment of past construction costs in this case.

Plaintiff next asserts that he will be treated unfairly if he is charged a fee for some purpose other than the recoupment of past costs because all other users were charged the fee for the purpose of recoupment. Plaintiff concedes that section 11—150—1 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—150—1) authorizes municipalities to collect a fair and reasonable charge for connection to any sewerage or waterworks system "for the construction, expansion and extension" of the system, but insists that defendant City did not exercise that authority when it enacted its ordinance because the Moline ordinances are limited to collecting past costs. As we said above, we do not read the ordinances as being so limited.

Plaintiff cites the dissenting opinion in *Hartman v. Aurora Sanitary District* (1961), 23 Ill. 2d 109, 177 N.E.2d 214, where Justice Schaeffer concluded that the ordinance there looked backward to recoup prior costs from a selected group of new users. The dissent was quoted with approval in *Aurora Sanitary District v. Randwest Corp.* (2d Dist. 1970), 123 Ill. App. 2d 444, 258 N.E.2d 817. However, as best we can determine, the Aurora ordinance differed substantially from the Moline enactment.

■■■ In our view, of prime importance is the fact that Moline is vested with home rule powers under article VII, section 6(a) of the Illinois Constitution of 1970, which provides:

> "[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt."

Imposition of a tap-on fee for connecting to city water and sewer mains, regardless of whether prior costs have been recouped, is a proper exercise of the power to license, tax and regulate for the public health, safety and welfare. Because Moline is a home rule unit, section 11—150—1 of the Municipal Code, which predates the 1970 Constitution, must be regarded as a grant of authority to non-home-rule units and not as a restriction on Moline's home rule powers. *Cf. Illinois Liquor Control Com. v. City of Joliet* (3d Dist. 1975), 26 Ill. App. 3d 27, 324 N.E.2d 453.

Plaintiff also contends that the sewer connection is controlled by the law in effect in 1960 when the easement agreement between plaintiff and the City was executed. That contract allowed plaintiff to connect to the sewer main provided he paid "the required tap-on fee." Plaintiff claims that there was no lawful "required tap-on fee" in 1960 because neither section 11—150—1 of Municipal Code nor the home rule provisions had been enacted, and so the City had no power to collect fees over and above construction costs. This argument overlooks the fact that the law in effect at the time of application for connection is controlling in this case.

■■ Finally, plaintiff argues that defendant waived any rights it may have had to charge plaintiff connection fees by two actions: (1) when it secured court approval of special assessments to finance the two projects and (2) when it entered into an agreement with the developers of the addition concerning the water mains. In approving the special assessments, the court found that the only property specially benefited were the lots in the new addition, and the entire costs of the water and sewer lines were allocated to those lots. Plaintiff insists that under the doctrine of *res judicata*, such a finding precludes the City from charging tap-on fees against owners of any other property. We do not agree. As we stated above, Moline's authority to charge connection fees is not limited to recoupment of construction costs and nothing in the special assessment proceeding alters that fact.

■■ As to the City's agreement with the developers which permitted them to receive a maximum of $31,360 in water main tap-on fees from intervening property owners during the first 10 years after construction, plaintiff contends that the City has no right to collect and keep the connection fees now that the 10-year period has expired. The agreement with the developer cannot reasonably be construed as a waiver of any right against plaintiff's property. The developer was granted the right to receive the water connection fees during the first 10 years after construction, but that provision did not purport to limit the City's right to charge such fees after the contractual period had expired. Rather than waving its right to collect the fees, the City in fact exercised its right when it enacted the ordinances so providing.

It is our conclusion that the trial court correctly ruled that plaintiff has no cause of action against defendant in this matter. The two ordinances which authorize the charge of connection fees were passed after the Illinois Constitution of 1970 and thus are a lawful exercise of the City's home rule powers. Hence, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

BARRY, P. J., and ALLOY, J., concur.