LAKE FOREST CHATEAU, INC., Plaintiff-Appellant, v. THE CITY OF LAKE FOREST, Defendant-Appellee.

Second District   No. 2—87—1176

Opinion filed February 7, 1989.—Rehearing denied March 1, 1989.

WOODWARD, J., dissenting.

Robert Marks and David L. Rieser, both of Marks, Marks & Kaplan, of Chicago, for appellant.

Murray R. Conzelman and Anne R. Conzelman, both of Conzelman, Schultz, Snarski & Mullen, of Waukegan, and Thomas H. Compere, of Lake Forest, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Lake Forest Chateau, Inc. (LFC), brought this declara-

tory judgment action against defendant, City of Lake Forest (Lake Forest), seeking a determination that certain increased building permit and other new fees and costs assessed by the city were not applicable to plaintiff's townhouse development and for judgment against defendant for such new fees and costs paid under protest by LFC in order to proceed with its building project. The circuit court denied LFC's motion for summary judgment, granted Lake Forest's motion for judgment on the pleadings, and LFC appeals. We reverse and remand.

This litigation is a continuation of the dispute which was considered to be resolved by this court in *DeMarie v. City of Lake Forest* (1981), 93 Ill. App. 3d 357. In that case, the owners of the subject property had entered into a contract with LFC's predecessor in interest, Lake Shore Building Corporation, to sell eight acres of land which was then zoned for single-family residential use. The contract was contingent upon the owners securing rezoning from Lake Forest to permit a townhouse development. The owners' petition for rezoning was denied by the city, and in September 1978 the owners filed an action in the circuit court asserting that the classification of their property under Lake Forest's zoning ordinance was arbitrary, unreasonable and capricious as applied to that property and that the townhouse use proposed was reasonable. In August 1979, the circuit court entered judgment for Lake Forest in that action and the owners appealed to this court. The matter was here considered under the standards relating to such cases (see *DeMarie v. City of Lake Forest*, 93 Ill. App. 3d at 360), and on March 19, 1981, our opinion was filed wherein the judgment of the circuit court was reversed and the cause remanded to it for entry of a judgment for plaintiffs to allow the proposed use. We directed the circuit court to frame its judgment with reference to the record before it to avoid further litigation and consistent with our opinion (93 Ill. App. 3d at 365).

Lake Forest thereafter sought leave to appeal to our supreme court, which was denied, and our mandate issued to the circuit court on November 30, 1981. On December 14, 1981, the circuit court entered a judgment order, in accordance with our opinion and mandate, directing Lake Forest to allow the proposed use of the property and to issue the required permits.

The present controversy arises from certain ordinances which were adopted by Lake Forest *after* our opinion and mandate was filed in this case on November 30, 1981, but before the December 14, 1981, judgment order of the circuit court directed to Lake Forest was entered. Those ordinances substantially increased the existing building

permit fees required by Lake Forest and imposed new fees applicable to this type of development for water connection and tap-on and for park contributions. When LFC thereafter applied to Lake Forest for building permits pursuant to the December 14 order, the city declined to issue them unless the new increased fees were paid. In order to proceed with its project, LFC did pay the increased and new fees, under written protest, and has alleged in its complaint in the present litigation that the new and increased fees enacted by Lake Forest in 1981 increased the cost of building permits and other fees by $73,395, which it sought to recover in this action.

LFC also sought declaration that the new and increased fees enacted in 1981 would not apply to this development. Lake Forest answered the complaint admitting factual allegations but denying the unconstitutionality or illegality of its acts and conduct. As an affirmative defense, Lake Forest alleged that the fees and charges of which LFC complains were adopted pursuant to statutory authority and applied to the owners of all property in the city at the time application for the building permits was made by LFC.

LFC subsequently filed a motion for summary judgment, alleging that it was entitled to restitution for the additional fees as a matter of law because Lake Forest had been unjustly enriched. The trial court denied the motion for summary judgment, stating that it was its finding that "Lake Forest did not act in an unfair, unconstitutional or unjust manner in applying its increased fees to plaintiff's project." Lake Forest then moved for judgment on the pleadings, and the trial court granted the motion. LFC now appeals from the denial of its motion for summary judgment and the granting of Lake Forest's motion for judgment on the pleadings.

An appellate court may review an order denying a motion for summary judgment only if the case is on appeal from a final judgment, there having been no evidentiary hearing or trial, and the party seeking review did not prevent such a hearing or trial. (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1034.) The order granting Lake Forest's motion for judgment on the pleadings in this case was a final order; no evidentiary hearing or trial was held, and LFC did nothing to prevent an evidentiary hearing or trial. On appeal, this court may therefore review the order denying LFC's motion for summary judgment, as well as the order granting Lake Forest's motion for judgment on the pleadings.

LFC contends that Lake Forest was unjustly enriched by requiring LFC to pay the increased and new fees as a condition of issuing building permits and must make restitution for fees charged in excess

of the fee structure in effect when rezoning of the property for townhouse development was unconstitutionally denied by the city. LFC also contends that the Lake Forest ordinances increasing building permit fees and imposing new fees cannot be applied to this townhouse development as to do so would adversely affect the rights established by this court's opinion in *DeMarie v. City of Lake Forest.*

The second argument advanced by LFC is dispositive, and we need not consider its other contention.

In our view, the principles of law noted in *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, control the resolution of this appeal. In *Fiore,* as in the present case, a property owner had sought judicial relief from the restrictions on the use of his land imposed by a municipal zoning ordinance. After trial and judgment for the property owner in the circuit court, this court considered the first appeal by the city of Highland Park (see *Fiore v. City of Highland Park* (1966), 76 Ill. App. 2d 62) and found that the zoning classification applied to the subject property by the city was unconstitutional and void and remanded for a circuit court determination of whether the proposed use was reasonable. The city sought, and was denied, leave to appeal to our supreme court in a further effort to uphold the validity of its zoning ordinance. Thereafter, however, the city passed an ordinance purporting to rezone the property back to the same single-family classification to which it had been subject prior to the litigation which had found that classification to be unconstitutional. The trial court determined that the purported rezoning of the property was invalid, and the city again appealed to this court.

■ In the second *Fiore* appeal this court found that the trial court had acquired jurisdiction of the parties and the subject matter "under the state of facts existing when the action was brought" (93 Ill. App. 2d at 32) and that "a City which is an appellant in zoning litigation, cannot parlay the doctrine of separation of powers into an authorization to exercise its delegated legislative powers after the case is decided adversely to it and remanded to the trial court with directions, and thereby frustrate and void the opinion and mandate of the reviewing court to which it submitted its case for decision. *** [T]he legislature may not, by legislation passed after causes of action have been adjudicated by a reviewing court, control or effect [sic] the result of the litigation. *People v. Owen,* 286 Ill 638, 641, 642, 122 NE 132 (1919); *People v. New York Cent. R. Co.,* 283 Ill 334, 335, 119 NE 299 (1918); *Chicago & E.I.R. Co. v. People ex rel. McCord,* 219 Ill 408, 410, 411, 76 NE 571 (1906)." 93 Ill. App. 2d at 33-34.

Similarly, in *First National Bank v. Village of Skokie* (1975), 35

Ill. App. 3d 545, the village sought to deprive a party of judicially secured relief from the village zoning ordinance by amending the ordinance while the matter was pending on appeal. The reviewing court held that the amendment had no effect on plaintiff's rights. (35 Ill. App. 3d at 549.) In *Rubin v. City of Rockford* (1938), 296 Ill. App. 650 (abstract of opinion), a property owner applied to the city for a license to operate a junkyard, a use permitted of the property under the zoning ordinance. When the license was refused, plaintiff commenced an action in *mandamus* to compel issuance. While that action was pending in the circuit court, the city council amended the zoning ordinance so as to prohibit junkyard use of property in plaintiff's zoning classification. On appeal, this court held that the rights of the parties were to be determined as of the time the case was at issue and, as the amendment to the ordinance did not occur until several months after that time, it could not deprive plaintiff of a right which had existed at the earlier time. See also *Kamysz v. Village of Wheeling* (1978), 65 Ill. App. 3d 629, 639-40; *First National Bank v. Village of Skokie* (1967), 85 Ill. App. 2d 326, 336-37; *Ridge Outdoor Advertising Co. v. Village of Indian Head Park* (1984), 129 Ill. App. 3d 525.

Lake Forest argues that LFC made no application for any building permits, or actually commenced construction of its project, until after the final decision on appeal had been made as to the zoning of the property and the new fees had been adopted. It asserts that it is the fee structure in effect at the time of issuance of the permits which controls, citing, *e.g.*, *City of Pontiac v. Mason* (1977), 50 Ill. App. 3d 102, and *Heinrich v. City of Moline* (1978), 59 Ill. App. 3d 278, and that it was those new fees and charges to which LFC was subject.

It is apparent in the record of this case, however, that LFC could not apply for building permits, or commence construction, until rezoning of the property for townhouse construction had been attained as the Lake Forest building ordinance provided that building permit applications could not be filed until after rezoning is approved. The owners of the property first sought rezoning in 1978 from Lake Forest, which was refused, and it was not until after the entry of the judgment order of the circuit court on December 14, 1981, after appeal, that LFC could actually apply for building permits, and it thereafter did so. The permit and fee structure of the city appears to have been unchanged over this period and through November 30, 1981, when the mandate of this court directed Lake Forest to allow the proposed use of the property. It was during those few days after issuance of our mandate and the entry of the judgment under it by the circuit

court, that the city saw fit to adopt a new fee schedule applicable to a townhouse development. According to LFC, the additional cost to it under the revised fee schedule was $73,395.

■ In our view, the action by Lake Forest is here subject to the same criticism made by the court in *Fiore,* and the other cases earlier noted. It is apparent that Lake Forest has sought to control or affect the result of the litigation between these parties after it was adjudicated by the courts. The right of LFC to use of its property for townhouse construction was fixed on March 19, 1981, when the modified opinion of this court was filed. After leave to appeal was denied by the supreme court, that judgment was transmitted to the circuit court by our mandate issued on November 30, 1981, thus revesting the trial court with jurisdiction. (See *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304.) As the judgment of the circuit court was reversed and the cause remanded, the lower court could take only such action as conformed to our judgment. (86 Ill. 2d at 305.) It did so in this matter, but, as we have noted, the prompt action by Lake Forest intervened to make it more costly than before for LFC to exercise the rights acquired by the judgment and generated this appeal.

We conclude that LFC was entitled to all necessary building permits and was subject to paying such fees and costs as were generally chargeable under Lake Forest's ordinances on November 30, 1981, when our mandate was issued to the circuit court. This is not to say that building permit and other authorized fees to which LFC's entire townhouse development project may be subject from time to time are to be frozen at the November 30, 1981, level of fees. It is unlikely that requests would have been made for building permits for all proposed units at any one time; a construction project ordinarily will extend in stages over a period of time.

■ On remand the trial court will conduct a hearing to determine what portion, if any, of the alleged additional fees of $73,395 paid by LFC under the new schedule would not have been assessed against it under the former fee schedule had LFC been permitted to apply for building permits on November 30, 1981. The initial application actually made for building permits by LFC, under protest, pursuant to the new fee schedule may well offer the best guideline to the trial court and LFC will be entitled to recover any additional fees then paid by it to Lake Forest as a consequence of the new fee schedule.

Accordingly, the order denying LFC's motion for summary judgment will be affirmed, as there are unresolved questions of fact remaining in the case, and the judgment entered on the pleadings for

Lake Forest will be reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

REINHARD, J., concurs.

JUSTICE WOODWARD, dissenting:

Respectfully, I must dissent from the views of the majority. The issue in this case is whether Lake Forest is entitled to collect increased and additional development-related permit fees (herein referred to as "new fees") from LFC that were provided for by ordinances enacted by Lake Forest after the appellate court mandate in the *DeMarie* case was filed in the trial court but prior to the entry in the trial court of a judgment order pursuant to the appellate court decision in *DeMarie*. The opinion of the majority expands the *DeMarie* decision to provide that the plaintiff is required to pay only the building permit fees in effect in November 1981 for its townhouse development since the LFC was delayed by Lake Forest in securing the rezoning of the property due to the litigation that culminated in the *DeMarie* case.

In *DeMarie*, the appellate court found as follows:

"In sum, it is our belief that the manifest weight of the evidence demonstrates that the present zoning not only bears no substantial relationship to the public health, safety, comfort, morals or welfare, but that the proposed development would actually be beneficial to the public interest." (*DeMarie v. City of Lake Forest* (1981), 93 Ill. App. 3d 357, 365.)

The decision in *DeMarie* concludes as follows:

"Accordingly, the judgment of the circuit court of Lake County is reversed and remanded for entry of a judgment for the plaintiffs for the use proposed. *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 379, permits the trial court to frame its judgment with reference to the record before it in order to avoid any further litigation, and to assure that the reasonable use proposed is the use which will be effectuated." *DeMarie v. City of Lake Forest* (1981), 93 Ill. App. 3d 357, 365.

Neither the mandate issued by this court nor the December 14, 1981, judgment order entered by the trial court after remand of the *DeMarie* decision is in the record in this appeal. In view of this fact, it must be assumed that only the issue of zoning was dealt with by

the December 14, 1981, judgment order, as a review of the appellate court opinion in *DeMarie* fails to mention or deal with building permits in any manner whatsoever.

While no report of proceedings was filed in this appeal, the parties stipulated in part as follows:

> "Judge Scott denied the Motion for Summary Judgment, stating that it was his finding that the City of Lake Forest did not act in an unfair, unconstitutional or unjust manner in applying its increased fees to Plaintiff's project."

Based on this finding by the trial judge, it is only reasonable to assume that the judgment order of December 14, 1981, entered by the trial court pursuant to the mandate of the appellate court in the *DeMarie* case said nothing about building permit fees or increased fees of any kind. The above parts of the record in the *DeMarie* case and in this case are significant as the issue involved in this case is whether or not LFC is required to pay the "new fees" when applying for building permits.

Interpretation of an appellate court decision reversing the trial court has been viewed by our supreme court as follows in *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 305:

> "When a judgment is reversed by a court of review, the judgment of that court is final upon all questions decided, and if the cause is remanded, the circuit court can take *only such action* which conforms to the judgment of the court of review." (Emphasis added.)

The decision in the *DeMarie* case and the mandate pursuant thereto only pertained to the issue of zoning; the subject of building permit fees is not even mentioned, and, accordingly, such fees are not governed by or controlled by that decision. Hence, I cannot agree with the majority stating that the new fees "adversely affect the rights established by this court's opinion in *DeMarie v. City of Lake Forest.*" 178 Ill. App. 3d at 921.

The majority opinion cites *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, as authority for its holding. In that case, the court ruled that where an appellate court in a zoning case decides that case adversely to the defendant city, the city cannot thereafter properly adopt an ordinance rezoning plaintiff's property contrary to the opinion and mandate of the appellate court since such action was not warranted under the doctrine of separation of powers. Also, the majority cites *First National Bank v. Village of Skokie* (1975), 35 Ill. App. 3d 545, and *Rubin v. City of Rockford* (1938), 296 Ill. App. 650 (abstract of opinion), as authority for its decision in this case. Those cases also

involved an attempt by the municipality to directly legislate against and frustrate the zoning declared effective by the decision of the appellate court or order of the trial court.

Under the Lake Forest ordinances, proper zoning must be established prior to the issuance of building permits, and there is no question that building permits cannot be applied for prior to securing proper zoning; however, it is incorrect to assume that an appellate court decision in a case dealing with zoning includes a ruling in respect to building permit fees, which is an entirely different subject. The majority seeks to extend the appellate court decision and mandate thereon to prohibit the new fees; however, as previously pointed out, the *DeMarie* opinion of this court is limited to zoning, and this court did not render any decision in respect to building permits or fees therefor.

LFC does not challenge the authority of Lake Forest to impose additional or increased permit fees, nor does it contend that the fees are too high, unreasonable, or unfair. Likewise, there is no issue made as to the authority of Lake Forest to increase or require new fees such as involved in this case. The foregoing position of LFC is confirmed by the statement at page 12 of its brief wherein it is stated:

> "Plaintiff does not question or challenge Defendant's right and authority to increase or adopt new fees, charges or contributions as a condition of issuing building permits. Nor do we contend that Defendant's ordinances which increased and added fees and charges are themselves unconstitutional and invalid. Certainly as to new construction they well may be valid."

A municipality is authorized to impose permit fees and other development charges related to the construction of buildings to pay for the services rendered by the municipality to the builder or developer. For this reason, the fees are charged and are payable at the time the services are rendered by the municipality, which is immediately before construction begins. Since almost four years intervened between LFC's application for rezoning and the time when it first sought building permits, the property values and the general economic trend during this time were on the increase. Accordingly, the ordinances of Lake Forest's increasing fees were not unusual. During this same period, the value of the property of LFC would likewise have increased. Furthermore, an additional five years intervened between 1982 and filing the instant proceeding, and during this time, the general economic trend has continued to increase. For these reasons, the collection of increased and additional fees in this case does not result in unjust enrichment as claimed by LFC. This court can acknowledge

changes in economic conditions due to the passage of time as observed by Judge Davis in *Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 37, wherein he stated:

> "Time has passed due to this litigation, the needs of the area have changed with the delay, and construction costs have increased, as have the prices of equipment and furnishings."

The precedent established by the majority opinion promotes and will create further litigation in this case and in other cases where zoning is found to be invalid, not only as applied to permit fees, but where new so-called "impact fees" have been enacted or even where changes have been made in building codes or similar regulations which entail increasing the cost of building.

The parties in this case by letters addressed to the trial judge agreed that this appeal should establish whether LFC will be required to pay the permit fees or other charges at the time of application therefor and that this issue will be decided as a legal issue. As previously stated, the uncontroverted facts previously discussed lead to the determination that judgment was properly entered in favor of Lake Forest on this legal issue, and, thus, it is not necessary to examine the facts any further.

The majority opinion remands this case for hearing "to determine what portion, if any, of the alleged additional fees of $73,395 paid by LFC under the new schedule would not have been assessed against it under the former fee schedule had LFC been permitted to apply for building permits on November 30, 1981." (178 Ill. App. 3d at 923.) Review of the affidavit of the director of building and zoning of Lake Forest made in March 1987 stated LFC applied for building permits for 2 of the 36 units involved in March 1982; that over the next five years, plaintiff had taken out 12 of the 18 permits contemplated for the total development. As noted above, the development of LFC here under consideration has been in process from March 1982 and was approximately two-thirds completed in March 1987. No building permits had been applied for, for the last one-third of the development up to March 1987.

In remanding this case to the trial court, there is no standard or method for determining whether or not all or part of the permit fees already issued should be credited or not credited to LFC. The decision of the majority will promote further disputes of this nature, as there is a total absence of any standard for the trial court to apply although it states that "[t]he initial application actually made for building permits *** may well offer the best guideline." (178 Ill. App. 3d at 923.) In view of the fact that the subject of building permit fees is separate

and apart from the subject of zoning, judicial economy dictates that the court system should not extend itself into areas of permit fees in this case and in similar cases, or to put it succinctly, "there is no need to open this can of worms."